
FILED
CLERK, U.S. DISTRICT COURT
SEP 14 2017
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUSTAVO CERVANTES,<br>Defendant. | Case No. CR 17-2063M<br>ORDER OF DETENTION |

I.

On September 11, 2017, Defendant made his initial appearance on the criminal complaint filed in this matter. Deputy Federal Public Defender Nadine Hettle was appointed to represent Defendant. A detention hearing was continued to September 14, 2017 in order to allow Pretrial Services to provide the Court with information regarding a viable surety. A detention hearing was held on September 14, 2017.

The Court issues the following Order of Detention.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of

the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ substance abuse history
- ☒ previous failures to appear for DMV violations
- ☒ alleged failure to surrender

Although Defendant disputes the government's allegation regarding Defendant's failure to self surrender on September 8, 2017, the Court finds that even absent this allegation, there is no condition or combination of conditions that would assure defendant's future appearance. Nevertheless, the Court has directed counsel for the government to submit, no later than September 21, 2017, a declaration from the case agent regarding the circumstances of the allegation regarding the alleged failure to surrender, to include whether the defendant, or someone acting on his behalf, communicated defendant's intent to self surrender.

As to danger to the community:

- ☒ Criminal History includes felony convictions for robbery and infliction of corporal injury on a spouse, receiving stolen property, possession of a controlled substance and evading a police officer, along with misdemeanor convictions for drug related offenses, violating a local ordinance, and obstructing a public officer. In addition, defendant has had numerous law enforcement contacts, involving – within the past six months – for controlled substance violations and kidnapping. Defendant is currently on summary probation until June 2020.

☒ History of Substance Abuse

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: September 14, 2017 /s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE